**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**IN THE MATTER OF:**
**Esther Jungreis** **CASE NO.: 26-15976-CLC**
**CHAPTER 11**

Debtor /

**DEBTOR'S PRE-STATUS CONFERENCE REPORT**

Debtor-in-Possession, Esther Jungreis, (the "Debtor") by and through undersigned counsel, pursuant to 11 U.S.C. § 1188(c) and the Court's Order Setting Subchapter V Status Conference, Claims Bar Date, and Deadline for Elections Under 11 U.S.C. § 1111(b) [Dkt. 12], provides the following report detailing the efforts the Debtor has undertaken and will undertake to attain a consensual plan of reorganization and states as follows:

1. On May 8, 2026, the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code. The Status Conference required by 11 U.S.C. § 1188 has been scheduled for July 2, 2026, at 11:00 a.m.

2. On May 8, 2026, Tarek Kiem was appointed the Subchapter V Trustee.

3. The Debtor has filed all required documents and pleadings and is otherwise in substantial compliance with all requirements under Subchapter V of Chapter 11 of the Bankruptcy Code.

4. The Section 341 Meeting of Creditors is scheduled for June 12, 2026, at 12:00 p.m.

5. Pursuant to 11 U.S.C. § 1188(c), the Pre-Status Conference Report must detail "the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." This Report therefore reviews the Debtor's background, the case history to date, and the Debtor's efforts to achieve a confirmable plan.

DEBTOR'S BACKGROUND

6. The Debtor is self-employed and gives art classes and sells paintings. The Debtor generates income through providing art instruction and through the sale of her artwork.

7. The Debtor works from her home and owns, jointly with her non-filing spouse, two real properties located at 3748 Prairie Avenue, Miami Beach, Florida 33140, which is the Debtor's homestead, and 3758 Prairie Avenue, Miami Beach, Florida 33140 ( The Prairie Avenue Properties"). The Prairie Avenue properties are subject to mortgages for which the Debtor's non-filing spouse is obligated.

8. The Debtor also owns, jointly with her non-filing spouse, a condominium located at 5600 Collins Avenue, Unit 14T, Miami Beach, Florida 33140. The condominium is not encumbered by a mortgage. The rent from the condominium is paid directly to the condominium association to cover maintenance obligations.

9. The Prairie Avenue Properties were collateralized to secure a loan obtained by the Debtor and her non-filing spouse to invest in a lending platform. The Debtor's investment began approximately ninety days before the onset of the COVID-19 pandemic, and the pandemic severely disrupted and ultimately destroyed the business investment.

10. The investment did not perform as anticipated, leaving the Debtor with substantial debt obligations. The lender subsequently obtained a foreclosure judgment against the non-homestead property.

11. The Debtor commenced this Chapter 11 case to reorganize her obligations, protect her assets, and address the foreclosure judgment through an arms-length sale of her property while preserving the going concern value of her art instruction and artwork sales business.

CASE HISTORY AND PROGRESS

12. Since the Petition Date, the Debtor has filed, among other documents: Debtor-in-Possession's Application to Employ Cohen Legal Services, P.A. as Counsel [Dkt. 6]; Chapter 11 Case Management Summary [Dkt. 18]; Debtor's Application to Employ The Agency Florida LLC [Dkt. 25]; and the Debtor's bankruptcy schedules, statements, and related required documents [Dkt. 36]. The non-governmental claims bar date is July 17, 2026, and

the governmental claims bar date will be determined under the Bankruptcy Code and applicable rules.

13. The Debtor's schedules identify real property with an aggregate stated value of $8,941,260, including the Prairie Avenue properties and the 5600 Collins Avenue condominium. The schedules further identify Yechiel Zagelbaum as holding a secured claim in the approximate amount of $2,126,955.01, Hyundai Capital as the counterparty to the Debtor's vehicle lease for a 2025 Hyundai Palisade, and general unsecured claims in the approximate amount of $1,654. At the time of filing, it is unclear if the Debtor is indebted to the Internal Revenue Services. The Debtor understands that the Prairie Avenue properties have mortgages for which the Debtor's non-filing spouse is obligated.

14. The Debtor anticipates timely filing a Subchapter V Chapter 11 plan of reorganization within the ninety-day period following the Petition Date, as required under 11 U.S.C. § 1189(b). The proposed plan will establish treatment for creditors funded through the Debtor's income from art instruction and artwork sales, and through the sale, refinance, or other appropriate treatment of real property assets, including the listed Prairie Avenue properties.

15. Debtor’s counsel anticipates working with the Subchapter V Trustee, secured creditors, taxing authorities, and other parties in interest as this case progresses and as the Debtor formulates a confirmable plan.

EFFORTS TO ACHIEVE CONSENSUAL CONFIRMATION

16. At this juncture, the Debtor is continuing to evaluate whether she will be able to propose a consensual plan. To that end, the Debtor anticipates that her plan will provide treatment to holders of allowed claims consistent with the Bankruptcy Code and the projected value available from her income, property interests, and any sale or refinance proceeds.

17. The Debtor, through counsel, has held conversations with counsel for Yechiel Zagelbaum advising that the Prairie Avenue properties have been listed for sale and that the Debtor intends to use sale proceeds to pay the debt. The Debtor will continue discussions with Yechiel Zagelbaum, Hyundai Capital, the Internal Revenue Service, and other parties in interest to discuss acceptable plan terms. The Debtor is hopeful that these discussions will result in a consensual Chapter 11 plan.

18. Based on a preliminary analysis, the Debtor anticipates that her Chapter 11 plan of reorganization will include the following classes of claims and interests: (i) allowed secured claim of Yechiel Zagelbaum; (ii) treatment of the Hyundai Capital vehicle lease, which the Debtor intends to retain; (iii) allowed priority tax claims, including any allowed priority claim of the Internal Revenue Service; and (iv) general unsecured claims.

19. Allowed secured claims will be determined pursuant to Section 506(a) of the Bankruptcy Code, as applicable, and will be treated through the sale proceeds or other treatment sufficient to satisfy the requirements of the Bankruptcy Code. The Debtor presently intends to retain the Hyundai vehicle and to treat the Hyundai Capital lease accordingly in the proposed plan.

20. Allowed priority claims will be paid in full as required by 11 U.S.C. § 1129(a)(9), unless the holder of such claim agrees to different treatment. This class will not be impaired to the extent required by the Bankruptcy Code.

21. Allowed general unsecured claims shall receive a pro rata distribution from funds available over the life of the Plan after payment or treatment of allowed secured and priority claims, or such other treatment as may be agreed with creditors or approved by the Court.

22. The Debtor anticipates, with input from the Subchapter V Trustee, to engage in discussions with her creditors as the Debtor advances formulation of her Chapter 11 plan.

DATED: May 27, 2026

Submitted by:

<u>/s/ Rachamin Cohen</u>

Rachamin “Rocky” Cohen, Esq.
Attorney for Debtor
Florida Bar No. 96305
1801 NE 123rd Street, Suite 314
North Miami, FL 33181
Telephone: 305-570-2326
Email: rocky@lawcls.com

**CERTIFICATE OF SERVICE**

I, hereby certify that on May 27, 2026, I electronically filed the Certificate of Service regarding the foregoing with the United States Bankruptcy Court for the Southern District of Florida using the CM/ECF System. I have served the foregoing documents on the CM/ECF participants and I have mailed via first-class mail, postage prepaid, the documents electronically filed with the Court on the additional parties listed on the attached Matrix.

Submitted by:
/s/ Rachamin Cohen
Rachamin "Rocky" Cohen, Esq.
Attorney for Debtor
Florida Bar No. 96305
Cohen Legal Services, PA
1801 NE 123rd Street, Suite 314
North Miami, FL 33181
Telephone: 305-570-2326
Email: Rocky@lawcls.com